PER CURIAM.
Terrance Jenkins challenges the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800 in which he asserts that following the entry of a *419 plea he was sentenced to thirty years in prison each on two counts of burglary and one of robbery. We reverse.
Appellant claims he was not habitualized, and that the burglary counts are third-degree felonies and the robbery is a second-degree felony, punishable by up to five and fifteen years respectively. The trial court denied the motion, pointing out that the burglaries charged were burglaries with battery in violation of section 810.02(2)(a), Florida Statutes (1995), for which life sentences are permissible, and the robbery was an armed robbery in violation of section 812.13(2)(a), Florida Statutes (1995), also punishable by up to life in prison. No transcript of the plea colloquy is attached, nor are copies of the judgments provided to substantiate the trial court’s decision. Instead, copies of the infor-mations charging these offenses are appends ed to the order denying the motion.
These charging documents do not establish the degree of offense for which Jenkins stands convicted, and do not adequately refute his allegation that pleas were entered to less serious degrees of burglary and robbery. Upon remand the trial court may again deny the motion if record attachments confirm that Jenkins was convicted of these more serious offenses. If copies of the judgments do not refute the claim, his motion which alleges that his sentences for these offenses exceed the maximum permissible penalties is well-taken and he will be entitled to relief. See Grissom v. State, 679 So.2d 1254 (Fla. 2d DCA 1996).
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.